**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 23-257** |
| **EDWARD DECKER** | : | |

### GOVERNMENT'S PLEA MEMORANDUM

**I.      Introduction**

Defendant Edward Decker is charged in an indictment with one count of abusive sexual contact on an aircraft in that he engaged in sexual contact when the victim was incapable of appraising the nature of the conduct, (Count One), in violation of 49 U.S.C. § 46506 and one count of abusive sexual contact on an aircraft in that he engaged in sexual contact when the victim had not attained the age of 16 years, (Counts Two), in violation of 49 U.S.C. § 46506. The government and the defendant have entered into a plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure, whereby the defendant agrees to plead guilty to Count One of the indictment. In exchange, the government has agreed to dismiss Count Two at the time of sentencing. The Court has scheduled a change of plea hearing on May 21, 2024 at 11:30 a.m.

**II.     Essential Elements of the Offense**

**Application of Certain Criminal Laws to Acts on Aircraft– 49 U.S.C. § 46506**

Title 49, United States Code, Section 46506 provides in pertinent part that:

> An individual on an aircraft in the special aircraft jurisdiction of the United States who commits an act that– (1) if committed in the special maritime and territorial jurisdiction of the United States (as defined in section 7 of title 18) would violate … chapter 109A of title 18, shall be fined under title 18, imprisoned under that section, chapter, or both…

Title 18, United States Code, **Section 2244(a)(2)** [part of Chapter 109A of Title 18] criminalizes abusive sexual contact within the special maritime and territorial jurisdiction of the United States as follows:

Whoever, in the special maritime and territorial jurisdiction of the United States… knowingly engages in a sexual act with another person if so to do would violate- **subsection (2)(A) of section 2242 [the other person is incapable of appraising the nature of the conduct]** of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than three years, or both…

Section 2246(3) defines sexual contact as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

In order to prevail on this charge, the government must prove beyond a reasonable doubt that the defendant:

1. the defendant was on an aircraft in the special aircraft jurisdiction of the United States;

2. the defendant knowingly engaged in sexual contact or caused sexual contact (as defined in 18 U.S.C. § 2246(3)) (touched the breast and inner thigh) of another person); and

3. the defendant did so to sexually gratify himself; and

4. the other person was incapable of appraising the nature of the conduct.

### III.   Maximum Penalty

The Court may impose the following statutory maximum sentence:

Count One- 49 U.S.C. § 46506 (abusive sexual contact on an aircraft, 18 U.S.C. § 2244(a)(2)) - three years' imprisonment, a $250,000 fine, restitution, one year of supervised release and a $100 special assessment.

Under the Sex Offender Registration and Notification Act (SORNA), a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the

defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant must update his registrations not later than three business days after any change of name, residence, employment, or student status. Failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. This registration will also be a condition of any supervised release. Independent of supervised release and the federal law requirements, he will be subject to state sex offender registration requirements, and that these federal law and state requirements may apply throughout his life.

## IV.    **<u>Guilty Plea Agreement</u>**

The government and the defendant have entered into a plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure, whereby the defendant agrees to plead guilty to Count One of the indictment. In exchange, the government has agreed to dismiss Count Two of the indictment at the time of sentencing.

At the time of sentencing, the government will make whatever sentencing recommendation as to imprisonment, supervised release, fines, forfeiture, restitution, and other matters which the government deems appropriate, but the government will not recommend an upward variance or upward departure in excess of an additional eight months' imprisonment above the advisory guideline range as determined by the Court.

The plea agreement also provides stipulations by the parties under the Sentencing Guidelines and a waiver by the defendant of most of his rights to appeal or collaterally attack the

conviction and sentence in this case. A copy of the executed plea agreement is attached to this memorandum.

**V.     Factual Basis for the Plea**

The parties agree and stipulate that the following facts are true and accurate. These facts do not constitute all of the facts known to the parties concerning the offenses; they are being submitted to demonstrate that a sufficient factual basis exists for the defendant's guilty plea.

On or about July 28-29, 2022, the defendant, Edward Decker, while on board American Airlines flight #2758 (Tail# N153AN) from San Diego, California to Philadelphia, Pennsylvania, in the special aircraft jurisdiction of the United States, touched the thigh and breast of Minor 1, a 15 year-old girl seated in his row, while she was sleeping.

Minor 1 was sitting in the window seat (#19F) on this overnight flight and Decker was seated in the aisle seat (#19D), his assigned seat according to American Airlines records. The middle seat (#19E) was unoccupied. They had some casual conversation during the flight. Minor 1 remembered his name was Edward and described him as a white male, approximately 40 years old, with brown/grey hair and an unshaved face. Minor 1 remembered him saying that he was an engineer on his way back from California on business, that he lived in the Philadelphia area, and was married and had a young daughter. Minor 1 was reading "The Underground Railroad" and Decker commented that the book was standard high school reading.

At some point during this overnight flight, Minor 1 fell asleep and awoke to find Decker had moved to the middle seat directly next to her. As she woke up, Minor 1 realized that Decker had his hands on her body. Specifically, one of his hands was on her breast underneath her shirt and the other was on her upper thigh area. Decker was kissing her body and breast and rubbing his hands on her body. He then leaned in as if he was attempting to kiss her. Minor 1 told Decker

to get off and away from her. He ultimately removed his hands and moved back to his original aisle seat.

A passenger (Passenger 1) on this American Airlines flight seated in the row behind Decker and Minor 1 in the middle seat, #20E, witnessed the incident. Passenger 1 was traveling with her husband who was seated in the window seat adjacent to her in #20F. Passenger 1 observed the following in the row in front of her: A male was seated in the aisle seat and a female passenger was seated in the window seat, with the middle seat between them empty. The male and female were not together, but they had a casual conversation with each other when they got on the airplane.

Passenger 1 believed the male and female were each reading a book during the flight and had a conversation about the books they were reading. At some point during the flight, Passenger 1 closed her eyes. When she opened her eyes, Passenger 1 noticed the male had moved from his aisle seat to the middle seat in the row in front of her, closer to the female. The male was leaning over on the female and "was all over her." Passenger 1 woke her husband from his sleep to tell him. Passenger 1 did not know if the advances were invited by the female or not. Passenger 1 was not sure how long the male was leaning over the female, but at some point, the male sat up straight in an upright position in the middle seat and there was no conversation between the two of them.

The sexual contact occurred approximately an hour before the airplane landed at Philadelphia International Airport. Minor 1 had no further contact with Decker during the flight after she told him to get off of her.

After Minor 1 exited the plane, she went to a bathroom in the terminal because she believed Decker was following her after getting off the plane. She stayed in the bathroom to hide

for several minutes. She then went to baggage claim and approached a couple who were waiting for their luggage with their dog. Minor 1 asked if she could stand with them because she believed someone was following her and she was afraid.

Minor 1 eventually retrieved her baggage and walked curbside. When she exited baggage claim looking for her parent's vehicle, she saw Decker. Decker walked up to her at the curb and asked if he would ever see her again. Minor 1 then saw her parent's vehicle and got into the car.

## VI.     <u>Conclusion</u>

The United States respectfully submits that this summary of evidence provides a factual basis for a guilty plea by the defendant to Count One of the indictment charging him with abusive sexual contact on an aircraft, in violation of Title 49, United States Code, Section 46506. The United States also respectfully requests that the Court accept his plea of guilty to Count One.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s/ Josh A. Davison
Josh A. Davison
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Government's Change of

Plea Memorandum was served by email upon:


Evan Kelly, Esq.



Date: May 9, 2024                          /s/ Josh A. Davison
                                           JOSH A. DAVISON